FILED
10/7/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

LM

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **1:25-cr-00652** |
|  | ) | Judge April M. Perry |
|  | ) | No. Magistrate Judge M. David Weisman |
| v. | ) | RANDOM/Cat. 3 |
|  | ) | Violations: Title 18, United States |
| SHERRY CHESTER | ) | Sections 1001(a)(2) and 1343 |
|  | ) |  |
|  | ) |  |

## COUNT ONE

The SPECIAL MAY 2024 GRAND JURY charges:

1.      At times material to this Indictment:

a.      The United States Department of Housing and Urban Development ("HUD") was an executive department of the United States government, which administered housing assistance. HUD administered housing assistance through, among other things, funding and regulating state and local entities known as public housing agencies (PHAs), which administered the housing assistance programs.

b.      The Chicago Housing Authority (CHA) was the PHA in Chicago, Illinois, charged with administering HUD housing assistance in the Chicago area. The CHA performed this function in several ways, including The Housing Choice Voucher Program (also known as the "HCV Program" or "Section 8"), in which HUD funded vouchers for eligible individuals to pay or reduce the rent for a private property, and the CHA paid the private landlord the amount of the voucher.

c.      To participate in the HCV Program, an applicant had to fill out and sign an application for eligibility, which required that the applicant disclose and

certify economic eligibility, and once an applicant was approved for housing assistance, the applicant became a recipient and was required to recertify eligibility approximately every two years by filling out an Application for Continued Eligibility ("ACE"). Information about the income of each resident living in the unit was material to HUD's and the CHA's determination of an applicant's eligibility to participate in the HCV Program.

   i.  The ACE required recipients to disclose of all income, to certify that the information is accurate and complete to the best of their knowledge, and to acknowledge that false statements or information are punishable under federal law. The ACE warned recipients that Title 18, United States Code, Section 1001, states that a person who knowingly and willfully makes false and fraudulent statements to any department or employee of the United States, HUD, a Public Housing Authority or Property Owner may be subject to penalties that include fines and/or imprisonment.

   ii.  Housing assistance recipients who claimed zero income were required to fill out a Zero Income Affidavit on initial application and at each recertification in addition to the ACE.  In the Zero Income Affidavit, the recipient affirmed that they did not have or receive any income including wages and salaries. The Zero Income Affidavit warned applicants that Title 18, United States Code, Section 1001, states that a person is guilty of a felony for knowingly and willfully making false or fraudulent statements to any department or representative of the United States government. Recipients who claimed zero income were required to

2

report any income to the CHA within 30 days of receiving it rather than waiting for the next recertification.

d.       The CHA further administers a Family Self-Sufficiency Program ("FSS"), which places the tenant's required rent contribution into escrow, and if the tenant remains employed for a certain period, the money is returned to the tenant. The FSS Program required recertification annually.

e.       Defendant SHERRY CHESTER was a participant in the CHA HCV Program, receiving monthly rent vouchers funded by HUD, starting on or about February 1, 2011, and continuing until on or about June 1, 2024, requiring recertification every two years, except from August 1, 2016 through April 1, 2020, when CHESTER was enrolled in the FSS Program, requiring recertification annually.

f.       Between on or about July 16, 2019, and continuing through at least to June 1, 2024, CHESTER was employed by the City of Chicago as a police officer, receiving income each of those years.

2.       Beginning no later than on or about April 6, 2020, and continuing through on or about June 1, 2024, in the Northern District of Illinois, Eastern Division, and elsewhere,

SHERRY CHESTER,

defendant herein, knowingly devised, intended to devise, and participated in a scheme to defraud, and to obtain money and funds owned by and under the custody and control of, HUD and the CHA, by means of materially false and fraudulent pretenses, representations and promises, as further described below.

3

3.      It was part of the scheme that on or about April 6, 2020, CHESTER verbally falsely represented to the CHA that she was out of work, which caused the CHA to increase the amount of housing assistance to CHESTER, effective approximately April 1, 2020.

4.      It was further part of the scheme that on or about July 12, 2022, after the CHA notified CHESTER that her participation in the CHA HCV Program would be terminated on August 31, 2022 due to her City employment, CHESTER submitted to the CHA two documents: (a) a signed Interim Reexamination Request form, dated July 1, 2022, requesting that she be removed as the head of the household; and (b) a signed CHA Out of Household Declaration form, falsely claiming that she had moved out of the CHA subsidized unit, and providing a false new address.

5.      It was further part of the scheme that on or about August 18, 2022, CHESTER submitted to the CHA the following documents: (a) a signed statement falsely stating that she had relinquished her housing voucher to Family Member A, who had been living with CHESTER in the CHA subsidized unit; (b) a fake lease purportedly for CHESTER's new tenancy at another location; and (c) an Assumption of Voucher Form signed by CHESTER on or about August 16, 2022, certifying that the former head of the household, CHESTER, had vacated the subsidized unit. CHESTER submitted these documents to cause, and did cause, the CHA to resume voucher payments for the subsidized unit, effective August 1, 2022, in the name of Family Member A.

6.      It was further part of the scheme that CHESTER continued to live in the CHA subsidized unit through at least June 2024.

4

7. It was further part of the scheme that defendant misrepresented, concealed, and hid, and caused to be misrepresented, concealed, and hidden, the existence of the scheme, the purpose of the scheme, and acts done in furtherance of the scheme.

8. On or about August 26, 2022, in the Northern District of Illinois, Eastern Division, and elsewhere,

SHERRY CHESTER,

defendant herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, namely an interstate wire transmission by CHA to HUD of a report of CHESTER's signed and sworn statement to the CHA, dated August 18, 2022, falsely stating that she had moved out of the subsidized unit and had relinquished her housing voucher to Family Member A;

In violation of Title 18, United States Code, Section 1343.

## COUNT TWO

The SPECIAL MAY 2024 GRAND JURY further charges:

1.      The allegations of paragraph 1 of Count One are incorporated here.

2.      On or about August 18, 2022 at Chicago, in the Northern District of Illinois, Eastern Division,

SHERRY CHESTER,

defendant herein, did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, when she stated in substance the following:

a.      that she had moved from the CHA subsidized unit and relinquished her housing voucher to Family Member A; and

b.      that she had a lease for a new tenancy at a different property beginning July 1, 2021;

In violation of Title 18, United States Code, Section 1001(a)(2).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY